1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   RAYMOND LAWRENCE,                          No.  2:16-cv-1584-AC P

12                    Petitioner,

13          v.                                   MEMORANDUM AND ORDER

14   FELICIA PONCE, Warden,

15                    Respondent.

16

17          Petitioner is a federal prisoner without counsel seeking a writ of habeas corpus pursuant to

18   28 U.S.C. § 2241.  He challenges a March 11, 2015 disciplinary conviction for violating Bureau

19   of Prison ("BOP") rules prohibiting possession of contraband.  ECF No. 1 at 6.  The government

20   has responded (ECF No. 9) and petitioner has filed a traverse (ECF No. 10).  The parties in this

21   action have consented to proceed before a United States Magistrate Judge pursuant to 28 U.S.C.

22   § 636(c).  ECF Nos. 3, 5.  After review of the record and, for the reasons stated below, the

23   petition will be denied.

24          I.      Background

25          On March 2, 2015, prison officials searched petitioner's room at FCI Milan as part of a

26   "shakedown."  ECF No. 9-1 at 53.  Officials discovered a leafy green substance hidden in the

27   room's window frame.  Id.  The substance tested positive for marijuana.  Id. at 41.

28   /////

                                              1

1    Petitioner was provided with advance written notice of the charges against him when he

2    was given a copy of the incident report on March 3, 2015.  <u>Id.</u> at 37.  He was provided with

3    written notice of his disciplinary hearing rights on March 4, 2015.  ECF No. 9-2 at 18.  The

4    disciplinary hearing was held on March 11, 2015.  <u>Id.</u> at 20.  Petitioner did not request staff

5    assistance, request witnesses, or present documentary evidence in his defense.  <u>Id.</u>  The

6    disciplinary hearing officer ("DHO") relied on staff memorandum confirming that the contraband

7    tested positive as marijuana, a photograph of the contraband, cell assignment records, and

8    petitioner's statements.  <u>Id.</u> at 21.  Petitioner was found guilty of the charged violation.  <u>Id.</u> at

9    20-21.  As a result of the DHO's finding, petitioner forfeited 41 days of good-time credit, lost

10    commissary and phone privileges for 90 days, and was fined $50.00.  <u>Id.</u> at 22.

11    Petitioner appealed and the disciplinary conviction was upheld.  ECF No. 9-2 at 75; ECF

12    No. 9-1 at 21.

13    II.    <u>Legal Standards</u>

14    A federal court may grant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241

15    if a federal prisoner can demonstrate that he "is in custody in violation of the Constitution or laws

16    or treaties of the United States."  28 U.S.C. § 2241(a), (c)(3).

17    A prisoner's due process rights are implicated where he is deprived of good-time credits.

18    <u>See</u> <u>Sandin v. Conner</u>, 515 U.S. 472, 477-478 (1995).  With respect to prison disciplinary

19    proceedings, a prisoner is entitled to:  (1) written notice of the charges; (2) at least 24 hours

20    between the time the prisoner receives written notice and the time of the hearing, so that the

21    prisoner may prepare his defense; (3) a written statement by the fact finders of the evidence they

22    rely on and reasons for taking disciplinary action; (4) the right of the prisoner to call witnesses in

23    his defense, when permitting him to do so would not be unduly hazardous to institutional safety

24    or correctional goals; and (5) legal assistance to the prisoner where the prisoner is illiterate or the

25    issues presented are legally complex.  <u>Wolff v. McDonnell</u>, 418 U.S. 539, 563-71 (1974).  The

26    Supreme Court has held that "requirements of due process are satisfied if some evidence supports

27    the decision by the prison disciplinary board to revoke good time credits."  <u>Superintendent v. Hill</u>,

28    472 U.S. 445, 455 (1985).  "Ascertaining whether this standard is satisfied does not require

2

1    examination of the entire record, independent assessment of the credibility of witnesses, or

2    weighing of the evidence. Instead, the relevant question is whether there is any evidence in the

3    record that could support the conclusion reached by the disciplinary board." Id.

4              III.    Analysis

5              Petitioner argues that his disciplinary should be expunged because his cellmate, Gregory

6    Hayes, took full responsibility for the contraband at issue. ECF No. 1 at 6. Petitioner argues that

7    he was at his assigned work when Hayes hid the contraband and the cell was searched. Id. He

8    claims that he had neither knowledge of the contraband nor an opportunity to ensure that his cell

9    was free of prohibited items. Id.

10             The evidence provided by respondent establishes that petitioner was afforded all the

11   procedural protections demanded by Wolff. He received notice of the charges against him on

12   March 3, 2015 – well before the March 11 hearing. ECF No. 9-1 at 37. Petitioner was afforded

13   opportunities to call witnesses and present documentary evidence, but declined both. ECF

14   No. 9-2 at 20; ECF No. 9-1 at 39. The DHO presiding at the hearing was impartial insofar as he

15   was not involved in the investigation of the incident. ECF No. 9-2 at 3 ¶ 6. Petitioner declined

16   staff assistance (ECF No. 9-1 at 39) and was given a copy of the DHO report after the hearing (id.

17   at 36). Petitioner does not appear to dispute that he was afforded the Wolff procedural

18   safeguards.

19             Next, the court finds that "some evidence" supported the decision to revoke petitioner's

20   good-time credits. The DHO relied on an officer's report, a supporting memorandum, and a

21   photograph of the contraband. Id. at 35-36. This was sufficient. See Hill, 472 U.S. at 456-57

22   (holding that statement of officer involved and his written report constituted "some evidence" for

23   purposes of a prison disciplinary proceeding); Bostic v. Carlson, 884 F.2d 1267, 1271 (9th Cir.

24   1989) ("The reporting officer's testimony constituted sufficient evidence to support the finding of

25   guilty."); McPherson v. McBride, 188 F.3d 784, 786 (7th Cir. 1999) (incident report provides

26   some evidence to support disciplining inmate).

27             Petitioner's argument that his conviction must be overturned because his cellmate

28   accepted responsibility is unpersuasive. Other courts in this circuit have rejected identical

1   arguments.  See Givens v. McComber, 2015 U.S. Dist. LEXIS 142572, 2015 WL 6167660, at *6

2   (E.D. Cal. Oct. 20, 2015) ("Petitioner's denial of responsibility, and his cellmate's acceptance of

3   responsibility for the contraband do[] not require that the prison disciplinary [decision] be

4   overturned.").  Nothing requires the DHO responsible for deciding credibility issues to accept as

5   true a cellmate's claim of sole responsibility.  See Kiefer v. Hedgpeth, 2011 U.S. Dist. LEXIS

6   4505, 2011 WL 97732, at *3 (N.D. Cal. Jan. 12, 2011) ( "the fact that an inmate offered a defense

7   did not mean that the hearing officer had to accept it as true," and "[t]he fact that the cellmate

8   admitted possession of the [contraband] did not logically eliminate liability for [petitioner], as

9   both may have constructively possessed the [contraband]." );  Castodio v. Grounds, 2013 U.S.

10  Dist. LEXIS 102263, 2013 WL 3815664, at *3 (N.D. Cal. July 21, 2013) ("the cellmate's

11  admitted possession of the [contraband] did not logically eliminate liability for [petitioner], as

12  both could have constructively possessed the [contraband].").  In his traverse, petitioner argues

13  that there was no finding of intent or evidence that he brought contraband into the cell or had

14  prior knowledge of the contraband.  ECF No. 10 at 3.  No such finding was required, however.

15          As noted above, this court is limited to asking only whether "some evidence" supported

16  the conviction.  "Revocation of good time credits is not comparable to a criminal conviction and

17  neither the amount of evidence necessary to support such a conviction, nor any other standard

18  greater than some evidence applies in this context."  Hill, 472 U.S. at 456 (internal citations

19  omitted).  Petitioner's version of events – that his cellmate was solely responsible and he had no

20  knowledge of the drugs – is not implausible.  Nevertheless, "[t]he Federal Constitution does not

21  require evidence that logically precludes any conclusion but the one reached by the disciplinary

22  board."  Id. at 457.

23          IV.     Conclusion

24          Based on the foregoing, it is ORDERED that:

25          1.      The petition for writ of habeas corpus (ECF No. 1) is DENIED; and

26  /////

27  /////

28  /////

4

2.      The court declines to issue a certificate of appealability because reasonable jurists would not find this court's assessment of petitioner's claims debatable or wrong and these claims do not warrant encouragement to proceed further.

DATED:  July 28, 2017.

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

5